NORA E. WISSELL *vs.* WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

WILLIAM E. WISSELL *vs.* SAME.

Worcester.    September 27, 1927.— November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Presumptions and burden of proof.    *Negligence,* Street railway.

If, in an action of tort by a woman passenger against a street railway com-
pany, the plaintiff testifies that she fell as she was leaving a car of the
defendant because her heel caught in a worn spot allowed to exist in the
flooring of the vestibule of the car, it is proper to refuse to order a ver-
dict for the defendant although the plaintiff alone testified in her own
behalf and ten witnesses for the defendant testified that there was no
worn spot where the plaintiff testified there was one.

TWO ACTIONS OF TORT, the first for personal injuries re-
ceived when the plaintiff, a passenger of the defendant, fell
as she was leaving a street car of the defendant, her fall being
alleged to have been caused by her catching her heel in a
worn spot in the floor of the vestibule of the car.    The second
action was by the husband of the plaintiff in the first action
for consequential damages.    Writs dated August 13, 1925.

In the Superior Court, the actions were tried together
before *O'Connell,* J.    The plaintiff alone testified in her own
behalf.    There were ten witnesses for the defendant.    Ma-
terial evidence is described in the opinion.    The judge re-
fused to order verdicts for the defendant.    The jury found
for the plaintiff in the first action in the sum of $2,250 and
for the plaintiff in the second action in the sum of $225.    The
defendant alleged exceptions.

*C. C. Milton,* (*J. M. Thayer,* with him,) for the defendant.
*J. Hurley,* for the plaintiffs.

WAIT, J.    In each case the defendant's motion for a
directed verdict was denied properly.    It was for the jury
to determine whether to believe the testimony of the plaintiff
Nora E. Wissell that she fell because her heel caught in a
worn spot negligently allowed to exist in the flooring of the

vestibule of the car she was leaving, or to trust the testimony of every other witness that there was no worn spot at the place where she said she found one. The defendant contends that the evidence of negligence rests wholly upon conjecture. The conjecture, however, is whether the plaintiff's story is true, and not whether that story, if true, will support a finding of negligence.

The error, if there was one, was made by the jury in finding for the plaintiff against the weight of the evidence; and not by the judge in submitting the cases to them. The remedy is by motion for new trial addressed to the court which heard the cases. In each case the entry must be

*Exceptions overruled.*